## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KISSEI PHARMACEUTICAL CO., LTD., )
ALLERGAN FINANCE, LLC, and )
ALLERGAN SALES, LLC, )
            )
        Plaintiffs, )
            )
        v. )   C.A. No. _____
            )
AUROBINDO PHARMA LTD., )
AUROBINDO PHARMA U.S.A., INC., and )
AUROBIDNO PHARMA USA LLC, )
            )
        Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Kissei Pharmaceutical Co., Ltd. ("Kissei"); Allergan Finance, LLC ("Allergan Finance"); and Allergan Sales, LLC ("Allergan Sales") (collectively, "Plaintiffs") file this Complaint for patent infringement against Aurobindo Pharma Limited; Aurobindo Pharma U.S.A., Inc.[1]; and Aurobindo Pharma USA LLC (collectively, "Aurobindo").

## NATURE OF THE ACTION

1.      This is an action for infringement of U.S. Patent No. 5,387,603 ("the '603 patent") arising under the patent laws of the United States, including 35 U.S.C. § 271. This action relates to Abbreviated New Drug Application ("ANDA") No. 210626, which Aurobindo submitted to the U.S. Food and Drug Administration ("FDA") under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic silodosin capsules, 4 mg and 8 mg ("Aurobindo's ANDA Products").

---

[1] As used herein, "Aurobindo Pharma U.S.A., Inc." refers to Aurobindo Pharma U.S.A., Inc. and/or Aurobindo Pharma USA Inc. Aurobindo Pharma U.S.A., Inc. is either the same company as Aurobindo Pharma USA Inc., or they operate as a single integrated business with respect to manufacturing and selling generic drug products.

**THE PARTIES**

2.      Kissei is a corporation operating and existing under the laws of Japan, with its principal place of business at 19-48, Yoshino, Matsumoto City, Nagano Prefecture 399-8710, Japan.  Kissei is engaged in the business of researching and developing innovative drug products. Kissei is the owner of the '603 patent.

3.      Allergan Finance is a limited liability company organized and existing under the laws of the state of Nevada, with a place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.  Allergan Finance is engaged in the business of researching, developing, manufacturing, and selling drug products.  Allergan Finance is the exclusive licensee of the '603 patent.

4.      Allergan Sales is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 2525 Dupont Drive, Irvine, California 92612.  Allergan Sales is engaged in the business of researching, developing, manufacturing, and selling drug products.  Allergan Sales is the holder of approved New Drug Application ("NDA") No. 022206 for RAPAFLO® (silodosin) capsules, 4 mg and 8 mg ("Rapaflo®").

5.      Aurobindo Pharma Limited is a corporation organized and existing under the laws of India, with its principal place of business at Water Mark Building Plot No. 11, Survey No. 9, Kondapur, Hitech City, Hyderabad, Telangana India.  Aurobindo Pharma Ltd. is engaged in the business of manufacturing and selling generic drug products throughout the United States, including Delaware.

6.      Aurobindo Pharma U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.  Aurobindo Pharma U.S.A., Inc. is engaged in the business of manufacturing and selling generic drug products throughout the United States,

- 2 -

including Delaware.  Aurobindo Pharma U.S.A., Inc. is a wholly owned subsidiary of Aurobindo Pharma Limited.

7.      Aurobindo Pharma USA LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.  Aurobindo Pharma USA LLC is engaged in the business of manufacturing and selling generic drug products throughout the United States, including Delaware.  Aurobindo Pharma USA LLC is a wholly owned subsidiary of Aurobindo Pharma U.S.A., Inc.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has jurisdiction over Aurobindo Pharma Limited; Aurobindo Pharma U.S.A., Inc.; and Aurobindo Pharma USA LLC under Fed. R. Civ. P. 4(k), 10 Del. C. § 3104, and the Constitution of the United States.

10.     This Court has personal jurisdiction over Aurobindo Pharma U.S.A., Inc. and Aurobindo Pharma USA, LLC because they are formed and exist under Delaware law.

11.     This Court has personal jurisdiction over Aurobindo Pharma Limited because its substantial control over Aurobindo Pharma U.S.A., Inc. justifies treating Aurobindo Pharma U.S.A., Inc. as an alter ego of Aurobindo Pharma Limited such that Aurobindo Pharma U.S.A., Inc.'s Delaware contacts are imputed to Aurobindo Pharma Limited.

12.     This Court has personal jurisdiction over Aurobindo because it submitted ANDA No. 210626 to the FDA, seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products throughout the United States, including

- 3 -

ME1 25491357v.1

Delaware.  *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016), cert. denied, 2017 WL 69716 (Jan. 9, 2017).

13.     This Court has personal jurisdiction over Aurobindo because it has purposefully availed itself of the rights and benefits of Delaware law by conducting business in Delaware. Aurobindo Pharma U.S.A., Inc. and Aurobindo Pharma USA, LLC are registered to do business in Delaware (File Nos. 3769913 and 6016670, respectively), and they maintain a registered agent in Delaware:  Corporation Service Company at 251 Little Falls Drive in Wilmington, Delaware. Aurobindo Pharma U.S.A., Inc. is also licensed in Delaware as a "Pharmacy - Wholesale" (License No. A4-0001270) and a "Distributor/ Manufacturer CSR" (License No. DM-0006550). Aurobindo regularly and continuously transacts business in Delaware, including by selling generic drug products in Delaware directly and through its affiliates.  Aurobindo derives substantial revenue from these sales.

14.     This Court has personal jurisdiction over Aurobindo because it intends to sell and cause the sale of its ANDA Products throughout the United States, including Delaware, causing injury to Plaintiffs in Delaware.

15.     This Court has personal jurisdiction over Aurobindo because it has purposefully availed itself of the rights and benefits of Delaware law by answering complaints in Delaware without challenging jurisdiction or venue and by asserting counterclaims in Delaware.  *See, e.g.*, *Amgen Inc. v. Aurobindo Pharma Ltd.*, No. 1:16-cv-00853-GMS (D.I. 10, Nov. 28, 2016); *UCB, Inc. v. Aurobindo Pharma Ltd.*, No. 1:16-cv-00451-LPS (D.I. 8, July 8, 2016); *Allergan Sales, LLC v. Aurobindo Pharma Ltd.*, No. 1:15-cv-01032-LPS (D.I. 8, Jan. 1, 2016).

16.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

ME1 25491357v.1

17.     Venue is proper in this Court because Aurobindo Pharma U.S.A., Inc. and Aurobindo Pharma USA, LLC reside in and are incorporated in Delaware.

18.     Venue is proper in this Court because Aurobindo submitted ANDA No. 210626 to the FDA, seeking approval to engage in the manufacture, use, offer for sale, sale, and/or importation of its ANDA Products throughout the United States, including in Delaware.

## FACTUAL BACKGROUND

### Rapaflo®

19.     The FDA approved NDA No. 022206 for Rapaflo® on October 8, 2008, for the treatment of the signs and symptoms of benign prostatic hyperplasia ("BPH").  Dysuria is a sign and/or symptom of BPH.

20.     The active ingredient in Rapaflo® is silodosin.

### The '603 Patent

21.     The U.S. Patent and Trademark Office duly and legally issued the '603 patent, entitled "1,5,7-Trisubstituted Indoline Compounds and Salts Thereof," on February 7, 1995, from U.S. Patent Application No. 159,624, filed on December 1, 1993.  The '603 patent claims priority to Japanese Patent Application 4-356197, filed on December 2, 1992.

22.     The claims of the '603 patent are directed to, *inter alia*, silodosin, pharmaceutical compositions containing silodosin, and methods of treating dysuria using silodosin.

23.     The '603 patent is listed in the FDA's official publication of approved drugs "Approved Drug Products with Therapeutic Equivalence Evaluations," known as the "Orange Book," for Rapaflo®.

24.     A true and correct copy of the '603 patent is attached to this Complaint as Exhibit A.

ME1 25491357v.1

**Aurobindo's ANDA**

25.     Aurobindo submitted ANDA No. 210626 to the FDA under § 505(j) of the FDCA, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products.

26.     Aurobindo's ANDA Products will contain silodosin as their active ingredient, and Aurobindo will market them directly or through its affiliates for the treatment of the signs and symptoms of BPH, including dysuria.

27.     Upon information and belief, Aurobindo was aware of the '603 patent when it submitted ANDA No. 210626 to the FDA.

28.     Upon information and belief, Aurobindo included with its ANDA a paragraph III certification under 35 U.S.C. § 355(j)(2)(A)(vii)(III) that it would not engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products until expiration of the '603 patent.

29.     By letter dated July 6, 2017 ("Notice Letter"), Aurobindo notified Plaintiffs that Aurobindo had submitted ANDA No. 210626 to the FDA under § 505(j) of the FDCA, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products.  The Notice Letter further indicated that Aurobindo had converted its paragraph III certification to a paragraph IV certification under 35 U.S.C. § 355(j)(2)(A)(vii)(III), and that as of July 6, 2017, Aurobindo seeks to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products before the expiration of the '603 patent.

30.     Aurobindo's submission of ANDA No. 210626 constituted infringement of one or more claims of the '603 patent under 35 U.S.C. § 271(e)(2).  If approved by the FDA and not enjoined by this Court, the commercial manufacture, use, offer for sale, sale, and/or importation

- 6 -

of Aurobindo's ANDA Products will infringe one or more claims of the '603 patent under 35 U.S.C. § 271(a), (b), and/or (c).

31.     Plaintiffs commenced this action within forty-five days of receiving Aurobindo's Notice Letter.

## COUNT I:  INFRINGEMENT OF THE '603 PATENT

32.     Plaintiffs re-allege and incorporate by reference each of paragraphs 1-31, as if fully set forth herein.

33.     Aurobindo infringed one or more claims of the '603 patent under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 210626 to the FDA under § 505(j) of the FDCA, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products.  For example, Aurobindo infringed claim 11 of the '603 patent under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 210626 to the FDA under § 505(j) of the FDCA, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products.

34.     If approved by the FDA and not enjoined by this Court, Aurobindo will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '603 patent under 35 U.S.C. § 271(a), (b), and/or (c) by engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products.

35.     Upon information and belief, Aurobindo has had knowledge of the '603 patent since at least the date it submitted its ANDA with the FDA.

36.     Aurobindo's ANDA Products will contain silodosin as their active ingredient. Silodosin and pharmaceutical compositions containing silodosin are covered by one or more claims of the '603 patent.  For example, claim 11 of the '603 patent covers silodosin.

ME1 25491357v.1

37.     Aurobindo will market its ANDA Products directly or through its affiliates for the treatment of the signs and symptoms of BPH, including dysuria.  Using silodosin to treat dysuria is covered by one or more claims of the '603 patent.  For example, claim 15 of the '603 patent covers using silodosin to treat dysuria.

38.     Aurobindo will intentionally and knowingly induce infringement by others of one or more claims of the '603 patent.  Aurobindo will possess specific intent to induce infringement and will have knowledge that the induced acts constitute infringement.  For example, Aurobindo will intentionally and knowingly encourage acts of direct infringement by physicians and/or patients of at least claim 15 of the '603 patent.  Aurobindo will instruct physicians to prescribe, and patients to use, its ANDA Products for treating dysuria, for example through its ANDA Products' labeling.  Claim 15 of the '603 patent covers using silodosin to treat dysuria.

39.     Aurobindo will intentionally and knowingly contribute to the infringement by others of one or more claims of the '603 patent.  Aurobindo has knowledge that its ANDA Products are not staple articles or articles suitable for substantial noninfringing use.  For example, Aurobindo will offer to sell and/or sell its ANDA Products knowing that they are especially made or especially adapted for a use that infringes at least claim 15 of the '603 patent.

40.     If approved by the FDA and not enjoined by this Court, Aurobindo will cause Plaintiffs substantial and irreparable harm for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor and grant the following relief:

A.     A judgment that Aurobindo infringed one or more claims of the '603 patent under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 210626 to the FDA under § 505(j) of the

- 8 -

FDCA, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products;

B.      A judgment that if approved by the FDA and not enjoined by this Court, Aurobindo will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '603 patent under 35 U.S.C. § 271(a), (b), and (c) by engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products;

C.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date for FDA approval of Aurobindo's ANDA No. 210626 shall be a date that is not earlier than the expiration date of the '603 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

D.      An order under 35 U.S.C. §§ 271(e)(4)(B) and 283 that Aurobindo and its affiliates are enjoined from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products until a date that is not earlier than the expiration date of the '603 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

E.      Damages and other monetary relief to Plaintiffs if Aurobindo or others engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products before the expiration date of the '603 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

F.      Reasonable attorney fees to Plaintiffs under 35 U.S.C. § 285;

G.      Costs and other expenses incurred in connection with this action to Plaintiffs; and

H.      Such further relief as this Court may deem just and proper.

ME1 25491357v.1

DATED:  August 18, 2017

*Of Counsel:*

Naoki Yoshida
Finnegan, Henderson, Farabow,
    Garrett & Dunner, LLP
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome
Minato-ku, Tokyo 105-6033, Japan
+813 3431 6943
naoki.yoshida@finnegan.com

John D. Livingstone
Finnegan, Henderson, Farabow,
    Garrett & Dunner, LLP
271 17th Street, NW, Suite 1400
Atlanta, Georgia 30363-6209
(404) 653-6400
john.livingstone@finnegan.com

Shana K. Cyr, Ph.D.
Finnegan, Henderson, Farabow,
    Garrett & Dunner, LLP
11955 Freedom Drive
Reston, Virginia 20190-5675
(571) 203-2700
shana.cyr@finnegan.com

Thomas J. Sullivan
Finnegan, Henderson, Farabow,
    Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000
thomas.sullivan@finnegan.com

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs*

- 10 -

ME1 25491357v.1